1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip FURINO, Defendant-Appellant.
 No. 92-5803.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-211-P)
 Allan A. Ackerman, Chicago, Illinois; Eben T. Rawls III; Joseph L. Ledford, Charlotte, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Phillip Furino pled guilty to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C.A.Sec. 846 (West Supp. 1993). He appeals the denial of his second motion to continue sentencing, and appeals the career offender sentence he received pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov. 1991). We affirm.
 
 
 2
 Furino first maintains that the district court abused its discretion in denying his motion for a second continuance of his sentencing hearing after he was induced to plead guilty in the belief that he would be given sufficient time to provide substantial assistance. Furino was indicted in December 1991 after being identified as the source of a package of cocaine mailed from Florida to North Carolina. He was released on bond and subsequently violated the conditions of his release by using cocaine at least six times. During this period, his trial was continued three times at his request. In August 1992 Furino entered his guilty plea without a plea agreement. He then remained at liberty so that he might have the opportunity to provide substantial assistance. His October 1992 sentencing was continued briefly, but a second motion for a continuance was denied in spite of his representation that he had pled guilty in reliance on the government's assurance that sentencing could be continued to give him a longer time to render substantial assistance. The government attorney did not recall making such a promise concerning sentencing, although he had agreed to delay the hearing on Furino's violation of the conditions of his release. No motion was made for a substantial assistance departure, and Furino was sentenced without objection as a career offender.
 
 
 3
 Furino did not establish that his guilty plea had been made in reliance on a promise to delay his sentencing. Moreover, it is evident from Furino's description at sentencing of his efforts to assist that he had been casting about for information he could relay to the government concerning criminal activity unrelated to his own, and had so far been unsuccessful in providing assistance which the government regarded as fruitful. The denial of a continuance did not prevent him from completing any ongoing assistance. Under these circumstances, the denial of a continuance was not an abuse of discretion.
 
 
 4
 Although he made no objection to the probation officer's recommendation that he be sentenced as a career offender, Furino contends on appeal that there was insufficient evidence that he had two prior convictions for a controlled substance offense as defined in guideline section 4B1.2(2). We review an issue raised for the first time on appeal under the plain error standard, United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993), which permits an appeals court to correct errors affecting substantial rights. The government has supplemented the presentence report with an affidavit from the probation officer correcting the information in the presentence report concerning one of Furino's prior drug offenses. This information, unrefuted by Furino, discloses that he had two prior convictions for controlled substances offenses and qualified as a career offender under section 4B1.1. The district court thus did not plainly err in sentencing him as a career offender.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED